JAMES WHITAKER, d. b. p. in error *vs.* PETER S PARKER, Trea-
surer of the State of Delaware, p. b. d. in error.

If there be a joint judgment against several, a writ of error cannot be taken by one alone.

But would not this be amendable under our practice ?

WRIT of error to the judges of the Superior Court, Kent county, (ante, p. 136.)

*Coram.*—The Chancellor ; J. M. CLAYTON *Chief Justice*, BLACK and HARRINGTON Judges.

The judgment below was entered by confession, on the 3d Octo-ber, 1835, on a bond and warrant of attorney to confess judgment, at the suit of Peter S. Parker, state treasurer, *vs.* James Whitaker, a collector of state taxes, and five others, his sureties. It was the official bond of the collector, and in the usual form. The bond was dated 2d May, 1831, conditioned that the collector should faithfully execute his warrant, &c. &c., and pay to the state treasurer the amount of his duplicate ($860 40,) on or before the 7th of Novem-ber, 1831. At the October term 1836, an affidavit was made by the sureties of Whitaker, and a rule obtained in their behalf to show cause why the judgment confessed against them should not be set aside, on the ground that it was entered more than three years after the date of the bond, and when any action upon it was barred by the act of limitation. At the hearing this rule was discharged by con-sent, an arrangement having been made between the treasurer and the sureties, that the debt should not be levied out of them. From the judgment thus discharging that rule this appeal was taken.

*Frame*, for defendant in error now moved to quash the writ of er-ror, because the judgment below was against several defendants, and the writ was in the name of one only. 2 *Sellon's Prac.* 364, 404-5. If there be a joint judgment against two, and the writ is laid *ad dam-num* of one of them only, it will be quashed on motion. 1 *Lord Ray-mond*, 71, 328 ; 2 *Ib.* 870, 1403, 1532 ; 3 *Burr. Rep.* 1789 ; 2 *Term Rep.* 737.

*Huffington*, contra :

If there be any irregularity in this writ it arises from the necessity of the case. It arises out of the decision of the rule to show cause, &c., discharging the rule as to all the defendants, but on condition that it should not be executed against the sureties. James Whitaker was the only one aggrieved by that decision ; the only one interested to take the writ of error. He has no power to compel the other de-fendants to join him in this writ of error, and give security for its

prosecution; for they are indemnified and released by the decision on the rule to set aside the judgment, a decision made by the consent of the plaintiff Parker, and the four defendants; but without the consent of Whitaker. This decision was erroneous, and if Whitaker has not the right to a writ of error, he is wronged without a remedy. Additionally, the other defendants *are* named in the writ, though the suit is docketted in the only way we had the right to enter it as our suit in error.

*Frame.*—We move to quash on the distinct ground that there stands on the records of the court below a judgment against Whitaker and four others, and the writ of error is taken by one only of the defendants in that judgment. This is irregular, and his writ must be quashed.

Is this a joint or several writ of error? It is taken in the name of Whitaker alone. It lays the judgment and error *ad damnum* of James Whitaker alone. But the authority cited, (2 *Sellon's Pr.* 404,) says if the writ be *thus* it must be quashed. But it is said the appellant must come in the name of James Whitaker alone or not at all. Not so. He may use the name of all, or come as the authorities say, by summons and severance.

The court directed attention to the question, whether if there be error in this writ it be not amendable under our statute of jeofails, (8 *vol.* 43.)

*Frame.*—It is not an amendable matter. Here is a joint judgment. We complain that the writ of error is taken out by one alone, though all the others are equally entitled to sue it out. The judgment stands against them all. The separate proceeding, therefore, is vexatious and irregular, and the application to amend is nothing less than an application *at the trial* to make new parties. The case in 1 *Lord Raymond*, 71, expressly decides that this is not amendable, either at common law, or by any statute.

*Huffington.*—2 *Cromp. Pr.* 382. A writ of error was not amendable at common law, nor by any statute until 5 *Geo.* 1, *ch* 13. This answers 1 *Lord Ray.* 71, which was before that statute. By *Stat.* 5, *Geo.* 1, *ch.* 13, it is enacted "that all writs of error wherein there shall be any variance from the original record or other defect, may and shall be amended and made agreeable to such record." 2 *Lord Ray.* 1532, *Elkins* vs. *Paine.* The court held, that where a writ of error was brought by one of several defendants in a judgment, it was not amendable under *Stat.* 5 *Geo.*, 1 *ch.* 13. And the writ was quashed. 2 *Tidd's Pr.* 1094. Upon this statute (5 *Geo.*, 1 *ch.* 13,) it is become the practice to amend the writ of error as a matter of course, without costs. The general ground of *quashing* a writ of error, is some fault or defect therein that is not amendable by this statute.

Where there are several parties who are aggrieved by a judgment, and the writ of error is brought by some, or one, of them only, the court will quash it. But where one of several parties to a judgment, who is not aggrieved thereby joins in bringing the writ, his name may be stricken out.

But the Delaware statute goes beyond the common law or any of the English statutes, and prescribes the rule for us. It makes the writ of error amendable by this court.

*Frame* now waived the motion to quash the writ, because he preferred to try the whole case, stating however, his continued conviction that the ground of his motion was sustained. By consent, therefore, the writ was amended by adding the names of the other defendants. And the case went on.

*Huffington.*—The judgment below was entered on a collector's bond, with warrant of attorney to confess judgment thereon, dated 2d May, 1831, to C. P. Comegys, state treasurer, for $860 40, due six months after date, (7th November, 1831;) conditioned in the usual form; signed by Whitaker, the collector, and the others, as his sureties. Judgment entered, October 3d, 1835. October 24th, 1836, the defendants obtained a rule to show cause why this judgment should not be set aside; and, on 28th October, on hearing, rule discharged on terms, leaving but one of the five defendants liable to be executed. This judgment was erroneous,

1st. Because the rule was discharged by an arrangement with plaintiff's counsel and four of the defendants, leaving the other defendant liable.

The judgment of the court, discharging the rule, *released* four of the defendants, and continued one liable to pay the judgment. This was erroneous. It was a discharge of the rule, and an affirmance of the judgment on terms which the court could not prescribe, and could not enter by consent of plaintiff, and only a part of the defendants. The defendants were all originally bound equally by the bond, and no distinction could be made between them.

. Then, as to the bond itself, it was barred by limitation, and the warrant of attorney was void, and did not authorize the entry of judgment. *Digest*, 397. No action to be brought on a collector's bond, but in three years after the cause of action accrued. This was when this bond was due, viz, 7th November, 1831. But the judgment was not entered until October 3d, 1835, nearly a year after the bond was barred.

No action shall be brought, &c. Any proceeding before a court is a suit, an action. The entry of judgment by warrant of attorney, is on an action.

The court will, at least, reverse the order, discharging the rule, and remit us to the court below, to open the judgment, and send us to a jury.

*Frame* was stopped by the court.

*Per Curiam:*

The writ of error is brought either to reverse the original judgment, or the order on the rule to show cause why the judgment should not be opened, and the defendants let in to plead the act of limitation.

Is there error in this order? The affidavit below was made by the four sureties; it was their application, and on the hearing the plaintiff agreed not to execute the judgment as against them, and the rule was discharged as to them of course. This agreement was not a release; there is a clear distinction between an agreement not to execute, and a release of a judgment. But there is another question, whether a writ of error lies on the decision of such a side bar motion, and of which we have doubts.

But as to the question, whether the original judgment was erroneous, it is a principle that the act of limitation is a defence which must be pleaded. (*Ball. on Lim.* 170 to 313; 2 *Saund. Rep.* 63, *a. note* 6.) Whether the court would open the judgment to let in this defence, is a question for the court below, and not for us. Generally speaking, the court prescribes as one of its terms of opening a judgment, that the statute of limitation shall not be pleaded. But we don't decide any thing on this subject. The act limiting this action on collector's bond to three years, was passed January 30, 1820; and the act prescribing the condition of the collector's bond and authorizing a warrant of attorney to confess judgment to form a part of it, was passed February 6, 1829. It may be a question, whether this did not in effect repeal the limitation. But we make no decision on this point, as the matter could not come up except by application to the court below, which may yet be made.

Judgment of affirmance.

*Huffington,* for plaintiff in error.
*Frame,* for defendant in error.